### DAVID HOYT STONE v. STATE OF FLORIDA

34 So. (2nd) 305                                              January Term, 1948
March 5, 1948                                                 En Banc

*Walter G. Arnold,* for appellant.

*J. Tom Watson,* Attorney General, and *Ernest W. Welch,* Assistant Attorney General, for appellee.

WISEHEART, Associate Justice:

The appellant, while a member of the armed forces, was, on October 6, 1942, declared insane, with a diagnosis of dementia Praecox. In November, 1942, he was granted a medical discherge, and placed in jail in Eastman, Georgia, for commitment to a mental institution. Relatives intervened, and appellant was placed in their care and permitted to go to

Jacksonville, Florida, where he was employed by various dairies at menial jobs.

On August 24, 1943, the appellant was informed against in the Criminal Court of Record of Duval County, Florida, and charged with "breaking and entering a dwelling house with intent to commit a felony" and "assault with intent to rape."

The trial court, on September 7, 1943, adjudicated the appellant insane and committed him to the Florida State Hospital for the Insane for maintenance and treatment. Appellant was confined in the hospital until he was discharged on December 19, 1946, and was returned to Duval County to stand trial on the information against him. To this information pleas of not guilty and not guilty by reason of insanity were interposed.

After waiving trial by jury, appellant was placed on trial before the court and was found guilty under both counts of the information.

Appellant contends that the evidence with regard to his sanity at the time the offenses were committed is not legally sufficient to support the verdict and judgment. This contention is attempted to be maintained because the appellant, having been released from the army on a diagnosis of dementia praecox, paranoid type, a presumption that he was insane to the point of not being legally responsible for his criminal acts should prevail. The diagnosis of the army doctors did not create a conclusive presumption that the appellant did not know right from wrong, and such presumption as might have been raised has been overcome because the medical testimony in the case is sufficiently clear that the appellant did know what he was doing and knew right from wrong at the time of the commission of the offenses charged.

Had this case been tried before a jury, the issue of sanity at the time of the commission of the offenses would have been for the jury to determine. The appellant waived trial by jury; the issue was therefore one for determination by the court from the evidence presented, which evidence was legally sufficient.

It follows, therefore, that the judgment appealed from should be—

Affirmed.

TERRELL, CHAPMAN, ADAMS and BARNS, JJ., concur.

THOMAS, C. J., and SEBRING, J., dissent.